**Bradley J. STINN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 12–1930–pr.**

United States Court of Appeals, Second Circuit.

March 20, 2013.

David W. Shapiro, Boies, Schiller & Flexner LLP, Oakland, CA, for Appellant.

Samuel P. Nitze, Assistant United States Attorney (Susan Corkery, James G. McGovern, Assistant United States Attorneys, on the brief), for Loretta E. Lynch,

---

United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: WALKER, RICHARD C. WESLEY, and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

On August 14, 2012 we granted Petitioner–Appellant Bradley J. Stinn a certificate of appealability to consider whether *Skilling v. United States,* —— U.S. ——, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), affected his conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Absent a showing of actual innocence, Stinn has procedurally defaulted on his *habeas* petition. *See Bousley v. United States,* 523 U.S. 614, 621–22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Stinn argues that he is actually innocent because he was convicted under a theory of honest-services fraud that *Skilling* made constitutionally infirm. We disagree. Following an exhaustive review of the record including Stinn's indictment, the government's case-in-chief, and the district court's charge to the jury, we conclude that there is no reasonable possibility that Stinn was convicted under a theory of depriving his company of his honest services. Accordingly, we deny Stinn's petition for a writ of *habeas corpus.*

We have considered all of Stinn's arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED.**